943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred MIZHIR, Defendant-Appellant.
 No. 91-5152.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1991.
Decided Sept. 10, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Anderson. Joseph F. Anderson, Jr., District Judge. (CR-89-423)
 Barry Gene Rhodes, Brooklyn, N.Y., for appellant.
 E. Bart Daniel, United States Attorney, David C. Stephens, Assistant United States Attorney, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Alfred Mizhir pled guilty to one count of engaging in a practice of hiring illegal aliens (8 U.S.C. §§ 1324a(a)(1)(A) and 1324a(f)(1) and 18 U.S.C. § 2), 117 counts of harboring illegal aliens (8 U.S.C. § 1324(a)(1)(c) and 18 U.S.C. § 2), and two counts of filing false quarterly wage reports (42 U.S.C. § 408(g)(2) and 18 U.S.C. § 2). He maintains that the district court erred in finding that he was a manager or supervisor in the offense and not a minimal participant. We affirm.
 
 
 2
 Mizhir testified at his sentencing that he was rarely at the plant where the illegal aliens worked, had nothing to do with hiring, and was at fault only for failing to find out that his supervisors were hiring illegal aliens. Several employees who pled guilty to the same charges testified that there was no organized effort to recruit illegal aliens by anyone employed at the plant and no involvement by Mizhir in their hiring. However, the government presented statements made to the investigating agent by former employees which alleged that Mizhir was aware of and supported efforts to bring illegal aliens into the country and to hire them. The district court was entitled to consider all the information before it and weigh the credibility of the witnesses. Its determination that Mizhir was a manager or supervisor in the offense and not a minimal participant is a factual question reviewed for clear error. United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.) cert. denied, 59 U.S.L.W. 3246 (U.S. 1990). We cannot find clear error here.
 
 
 3
 The judgment of the district court is therefore affirmed. Mizhir's motion for release pending appeal is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.